# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00644-CR

**Juan Quiroz, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 2031830, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Juan Quiroz was convicted of the offense of aggravated assault of a public servant and sentenced to twenty-five years in prison as a habitual offender. *See* Tex. Pen. Code Ann. § 22.02 (b)(2) (West Supp. 2004-05) (aggravated assault); § 12.42(d) (West Supp. 2004-05) (habitual offender). Because Quiroz made an open plea of guilty, the district court certified his right to appeal. In a single point of error, Quiroz challenges the sufficiency of the evidence supporting his conviction. We affirm the conviction.

In his brief, Quiroz contends that the evidence was insufficient to prove that he assaulted "Brenda Bermudez" because the record only included evidence that he assaulted "Brenda Ramirez." In response, the State filed an unopposed motion to correct the record explaining that the court reporter had incorrectly transcribed the name Bermudez as Ramirez. We granted the State's motion, and the reporter's record has been corrected to reflect the name of the victim as Bermudez.

On May 19, 2005, Quiroz's counsel filed a motion to reschedule the June 6 submission date to allow him more time to supplement his brief. He requested an additional thirty days in which to communicate with Quiroz and submit a supplement to the brief raising an unnamed point of error.[1] In that motion, Quiroz admitted that the corrected record "demonstrat[ed] that the sole point of error raised in [his] brief is of no merit." We overruled the motion to reschedule on May 24, 2005, but advised Quiroz that "briefs may be supplemented at any time." No supplemental brief has been filed with this Court.

Because the corrected record does not support Quiroz's sufficiency challenge, and in light of his own admission that it is without merit, we overrule his sole point of error. We affirm the judgment of conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   September 8, 2005

Do Not Publish

_____

[1] Quiroz's motion states:

> At the time he prepared the brief in this case, the undersigned failed to raise one point of error that could have been raised. Appellant believes the point of error may be a valid point of error, but did not raise it because of the apparent strength of the sole point of error actually raised. The undersigned is unsure whether Appellant would want him to raise this point of error. However, in light of the corrections to the record which render the sole point of error invalid, the undersigned requests that the Court permit Appellant the opportunity to make that determination.